AT

DUBUQUE, OCTOBER TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

Hon. JOSEPH M. BECK, Chief Justice.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS,  } Judges.
" JOSEPH R. REED,
" JAMES H. ROTHROCK.

---

### France v. Haynes et al.

1. **Chattel Mortgage:** SALE OF PROPERTY UNDER: COLLUSION AND FRAUD: ACCEPTANCE OF PROCEEDS BY OWNER: ESTOPPEL. Plaintiff sought to set aside the sale of a horse under a chattel mortgage, upon the ground of collusion between the mortgagee and the purchaser; but, it appearing that plaintiff had accepted the surplus of the proceeds of the sale, *held* that he was estopped from asserting that the sale was invalid.

*Appeal from Page Circuit Court.*

Tuesday, October 20.

ACTION in equity to set aside a foreclosure of a chattel mortgage executed upon a horse by the plaintiff to the defendant Gillispie. The court dismissed the plaintiff's petition, and he appeals.

*B. F. Todd* and *James McCabe*, for appellant.

*K. A. Pence* and *Clark & Parslow*, for appellees.

ADAMS, J.—The horse was purchased by the defendant Haynes for $655.75. This was enough to pay the debt and costs, and leave a balance of nearly $500. The plaintiff was absent at the time of the sale. Upon returning and hearing of the sale he offered to pay Haynes the amount of his bid and $100 more if he would relinquish the horse, but Haynes was unwilling to do it. The plaintiff then went to the sheriff, who held for him the balance of the proceeds of the sale, and received from him a part thereof, and directed a part to be paid to one Webster, who, we infer, was a debtor of the plaintiff, and was setting up some claim to the money by way of attachment. A few days later the plaintiff brought this action to set aside the sale, alleging a fraudulent collusion between Haynes and Gillispie, the mortgagee, and alleging also that the sale was irregularly and illegally made. The court below, without ruling expressly upon the questions of fraud and illegality, held that the plaintiff estopped himself from setting up the same by accepting the proceeds of the sale. The plaintiff denies that any estoppel arose from his acceptance of the money, because he says he had offered to pay Haynes the full amount of his bid and more, and accepted the money with the view of paying it to him if he would take it. He also says that at the time he accepted the money he did not have full knowledge of the facts which rendered the sale invalid.

We are well satisfied that neither Haynes nor Gillispie was guilty of any attempt to defraud the plaintiff. As to the

France v. Haynes et al.

alleged irregularities in making the sale, we have to say that the principal one seems to be that the property was not sold to the highest bidder, nor to the person to whom it was struck off, but was sold to the next highest bidder, whose bid was twenty-five cents less; the highest bidder not being able to pay for the property in accordance with the terms of the sale. But the evidence, we think, shows that the plaintiff, at the time he accepted the money, had knowledge of the essential facts pertaining to the mode in which the horse was sold. As to the plaintiff's position, that he accepted the money merely for the purpose of paying it to Haynes, we have to say that we do not think that he is sustained by the evidence. We think that he accepted it as his own. In the very act, indeed, in which he accepted it, he used a part in paying Webster. We have no doubt that at that time he intended to treat the sale as valid, and rely upon his offer made to Haynes to enable him to reacquire the horse by contract. We have looked in vain for any evidence tending to show that he made the offer which he did upon the theory that the horse was still his, and that his offer was made as a condition precedent to his right to test the validity of the sale. We think that he assumed that it was valid, and intended to appropriate the proceeds, and negotiate as best he could with Haynes for a relinquishment of his claim.

The judgment of the circuit court must be

AFFIRMED.